Rene **MARQUEZ–HUERTA**, Petitioner,

v.

Eric H. **HOLDER**, Jr., Attorney General, Respondent.

No. 08–72912.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Oct. 25, 2010.

Rene Marquez–Huerta, pro se.

Richard M. Evans, Esquire, Assistant Director, OIL, Christina Bechak Parascandola, Trial, Kristina Rencic Sracic, Trial, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM **

Rene Marquez–Huerta, a native and citizen of Mexico, petitions pro se for review

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

Marquez–Huerta's contention that the agency's application of the ten-year continuous physical presence requirement violated his due process rights is unavailing. *See Padilla–Padilla v. Gonzales*, 463 F.3d 972, 978–79 (9th Cir.2006).

Marquez–Huerta's contention that he was denied a full and fair hearing is unavailing because he failed to demonstrate that additional testimony may have affected the outcome of the proceedings. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted) (requiring prejudice to prevail on a due process challenge).

We do not consider Marquez–Huerta's contentions regarding hardship and moral character because his failure to establish continuous physical presence is dispositive. *See* 8 U.S.C. § 1229b(b)(1)(A).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.